JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-09088-RGK (JPRx) | Date | March 5, 2015 |
|---|---|---|---|
| Title | *ROSS v. KAISER PERMANENTE, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) Order re: Defendant Southern California Permanente Medical Group's Motion to Dismiss (DE 16)

## I. INTRODUCTION

On October 27, 2014, Terry R. Ross ("Plaintiff"), in pro se, filed a Complaint in state court against Southern California Permanente Medical Group[1] ("Kaiser") and SEIU UHW (the "Union") (collectively, "Defendants"). The Complaint alleges claims for Wrongful Termination, Discrimination, Not Bargaining in Good Faith, Fraud, Violation of the Ralph Act, and Violation of the Brand Act. On November 25, 2014, the Union removed the action to this Court on the ground that resolution of the action requires interpretation of a collective bargaining agreement. On January 20, 2015, this Court granted the Union's motion to dismiss for failure to state a claim because Plaintiff's claim as to that defendant was time-barred.

Presently before the Court is Kaiser's Motion to Dismiss for failure to state a claim. Because Plaintiff has failed to allege facts sufficient to make plausible his federal claims, the Court **GRANTS** Kaiser's Motion to Dismiss and **REMANDS** Plaintiff's state law claims to the Superior Court of the State of California for the County of Los Angeles for further proceedings.

## II. FACTUAL BACKGROUND

---

[1] Southern California Permanente Medical Group was erroneously sued as "Kaiser Permanente."

The Complaint's allegations are brief, but from them, the Court has ascertained the following:

Plaintiff was employed by Kaiser as a respiratory therapist. In 2007, Kaiser terminated Plaintiff's employment for allegedly failing to produce a valid Respiratory Care license and for falsifying information on an employment application. The Union initially filed a grievance on behalf of Plaintiff.

It is unclear from the Complaint when exactly the Union notified Plaintiff that it would no longer pursue his claim; the Complaint states: "[t]ermination date or suspension 12/09/2007 at this point the union advises they are withdrawing my greviance [sic] admitting a greviance [sic] was in place almost 4.5 years why." (Compl., 1:21–23.) It is reasonable to infer that the Union notified Plaintiff on December 9, 2007 that it withdrew Plaintiff's grievance against Kaiser. It is also possible that the Union did not notify Plaintiff of its withdrawal until four-and-a-half years *after* Plaintiff's termination.

### III.     JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. A plaintiff need not provide detailed factual allegations but must provide more than mere legal conclusions. *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court shall not consider facts outside the complaint. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### IV.     DISCUSSION

Kaiser argues that Plaintiff's claim for Breach of Collective Bargaining Agreement[2] should be dismissed as time-barred and that Plaintiff's discrimination and retaliation claims under Title VII should be dismissed because Plaintiff alleged insufficient facts to support them. The Court agrees on both counts and also dismisses any claim that Plaintiff is making under § 1981.

---

[2] In the Complaint, Plaintiff calls this "Breach of Contract," but it appears from the facts that the claim is for Breach of Collective Bargaining Agreement.

### A.     Breach of a Collective Bargaining Agreement under the NLRA

Kaiser argues that Plaintiff's claim for Breach of Collective Bargaining Agreement should be dismissed as time-barred. A "hybrid" action such as this, in which a plaintiff brings a claim against his union for violating the duty of fair representation and against his employer for breaching the collective bargaining agreement, is governed by a six-month statute of limitations.[3] *Conley v. Int'l Bhd. of Elec. Workers*, 810 F.2d 913, 915 (9th Cir. 1987) (applying *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983)). This limitation accrues when the employee receives notice from the union that it will not pursue his claim further. *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998).

Based on the facts alleged, the latest that the Union could have notified Plaintiff of its refusal to pursue his claim would have been four-and-a-half years after Plaintiff's termination, in June 2012. The statute of limitations began running at that time and expired at the end of 2012, six months after Plaintiff received notification. Plaintiff did not file his hybrid claim until October 2014, almost two years after the statute of limitations expired. Therefore, unless Plaintiff can establish that the limitation period was somehow tolled, his claim is time-barred. *Conley*, 810 F.2d at 915.

While equitable tolling and equitable estoppel can operate to extend the limitation period, neither apply to Plaintiff's claims. Equitable "tolling focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant"; equitable estoppel focuses on the defendant's actions in preventing a plaintiff from filing suit. *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1184 (9th Cir. 2001) (internal quotation marks omitted).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). No facts are alleged in the Complaint to indicate that Plaintiff pursued his claims diligently after the Union withdrew from his grievance. The only facts indicated anywhere in the docket which suggest that Plaintiff has diligently pursued his claim since learning of the Union's withdrawal are contained in his opposition to the Union's motion to dismiss. There, Plaintiff mentioned that he was involved in a proceeding before the National Labor Relations Board ("NLRB"). (*See* Opp'n to Union's Mot. to Dismiss, DE 12, 8:12–15 ("Based on the doctrine of equitable tolling, all of Plaintiff's claims were tolled during the grievance proceedings as well as the proceedings before the NLRB.").) However, the Ninth Circuit has held that the filing of an NLRB claim does not toll the statutory period for a hybrid claim because such a filing is "merely optional." *Conley*, 810 F.2d at 916. Thus, equitable tolling cannot save Plaintiff's claim.

Alternatively, equitable estoppel could apply to extend the statute of limitations if Kaiser misled Plaintiff so as to cause him to file this claim after the statute of limitations expired. *Socop-Gonzalez*, 272 F.3d at 1184. However, Plaintiff has not alleged that Kaiser misled him as to the statute of limitations on his claims.

Because Plaintiff's claim against Kaiser for Breach of Collective Bargaining Agreement is time-barred, it is **DISMISSED**.

---

[3] In a "hybrid" action, as opposed to a "straightforward" action, the union does not represent the plaintiff employee, and the plaintiff typically alleges that the union has violated the duty of fair representation owed to the employee. *Conley*, 810 F.2d at 915. The employee need not sue both the union and the employer for the action to be deemed "hybrid," though usually the employee does. *Id.*

### B. 42 U.S.C. § 1981

It appears that Plaintiff brings his discrimination and retaliation claims under 42 U.S.C. § 1981. To the extent that is the case, those claims are barred by the statute of limitations. 28 U.S.C. § 1658 establishes a catch-all statute of limitations of four years for actions arising under an Act of Congress enacted after December 1, 1990. Given that a 1991 amendment to 42 U.S.C. § 1981 allows a plaintiff to bring the discrimination and retaliation claims alleged, the § 1658 statute of limitations applies. Therefore, any claim that Plaintiff has under § 1981 must have been filed within four years of the alleged discriminatory conduct. Since the alleged wrongful termination occurred seven years prior to the filing of this action, Plaintiff filed approximately three years after the statute of limitations had run.

As with Plaintiff's Breach of Collective Bargaining Agreement claim, neither equitable tolling nor equitable estoppel applies because Plaintiff alleges neither diligent pursuit of his claims of discrimination nor deception regarding the statute of limitations on the part of Kaiser. Since Plaintiff's § 1981 claim is barred by the statute of limitations, it is **DISMISSED**.

### C. Title VII Claims

It is also possible that Plaintiff brings his discrimination and retaliation claims under Title VII. In order to establish subject matter jurisdiction over a Title VII claim, a plaintiff is required to exhaust his administrative remedies first. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). "Under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely charge with the EEOC [Equal Employment Opportunity Commission], or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *Id.* (citing 42 U.S.C. § 2000e-5(b)). The claim with the EEOC must be filed within 180 days of the discriminatory employment practice or, if the employee first pursued a state or local remedy, within 300 days of the discriminatory practice. 42 U.S.C. § 2000e-5(e)(1); *Surrell v. Cal. Water Serv.*, 518 F.3d 1097, 1104 (9th Cir. 2008).

Plaintiff does not allege that he filed a charge with the EEOC or California Department of Fair Employment and Housing ("DFEH"), nor does the docket reveal any hint that he did so. In his opposition to the Union's motion to dismiss, Plaintiff only stated that he had "exhausted his administrative remedies pursuant to the union contract and with the [NLRB] . . . ." (Opp'n to Union's Mot. to Dismiss, DE 12, 5:9–12.) Additionally, in the present Motion, Kaiser argues that Plaintiff's allegations of violations of Title VII are "barred because he did not timely exhaust his administrative remedies." (Mot., 5:15–21.) Plaintiff did not dispute this assertion.

Because Plaintiff did not exhaust his administrative remedies by filing a claim with the EEOC or DFEH, the Court lacks subject matter jurisdiction over his Title VII discrimination and retaliation claims, and those claims are **DISMISSED**.

### D. State Law Claims

The district court has discretion to decline to exercise supplemental jurisdiction where it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Notice of Removal identified federal question as the basis for subject matter jurisdiction. This was premised on Plaintiff's claim against the Union for violation of the duty of fair representation under 29 U.S.C. § 185. The Court has dismissed that claim, as well as the claims against Kaiser for Breach of Collective Bargaining Agreement and Violations of § 1981 and Title VII.

Following this Court's Order granting Kaiser's Motion to Dismiss, Plaintiff's remaining claims are Wrongful Termination, Fraud, Violation of the Ralph Act, and Violation of the Brand Act. These are

all state law claims[4] over which the Court does not have original jurisdiction. The Court is therefore persuaded that the factual predicate identified in § 1367(c)(3) is satisfied in this case.

"Once [a § 1367(c)(3)] factual predicate is identified, the exercise of discretion . . . still is informed by whether remanding the pendant state claims comports with the underlying objective of 'most sensibly accommodat[ing]' the values of 'economy, convenience, fairness, and comity.'" *Exec. Software N. Am., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1557 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). The Court turns to these four factors.

The interest of judicial economy does not weigh against remand. While the Court has familiarized itself with the facts of the Complaint, those facts are not unduly complex, and remand would not require extensive duplication of this Court's efforts by a state court. Additionally, there is no indication that remand to state court would prove inconvenient for the parties or would be unfair. Finally, the resolution of the state law claims requires the application of California law, and the Court believes that a California court would be better suited to decide these issues. Thus, the interest in comity strongly favors dismissal.

After weighing the above factors, the Court finds that remand of Plaintiff's remaining claims is warranted.

## V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Kaiser's Motion to Dismiss as to the federal claims and **REMANDS** the state law claims to the Superior Court of the State of California for the County of Los Angeles for further proceedings.

**IT IS SO ORDERED.**

                                                                                                                      **:**

**Initials of Preparer**

---

[4] The one potential exception is Violation of the "Brand Act." To the Court's knowledge, this is not an actual claim under California or federal law.